IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | COMPLAINT |
| FAMILY FUTURES GROUP, INC. d/b/a ROVER'S PLACE | ) ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to an Aggreieved Individual. As alleged with greater particularity in paragraphs 14-16 below, Defendant Family Futures Group, Inc., d/b/a Rover's Place discriminated against the Aggrieved Individual by subjecting him to harassment, conducting an unlawful medical exam, and constructively discharging him, because of his disability, in violation of the ADA.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

1

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant, Family Futures Group (the "Employer" or "Rover's"), has continuously been doing business in the State of Illinois and the Village of Northbrook, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5), (7).

6. At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, the Aggrieved Individual filed a charge with the Commission alleging violations of the ADA by Defendant Employer.

8. On April 16, 2020, the Commission issued to Defendant Employer a Letter of Determination finding reasonable cause to believe that ADA was violated and inviting Defendant

to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. EEOC engaged in communications with Rover's to provide it with the opportunity to remedy the discriminatory acts described in the Letter of Determination.

10. On July 28, 2020, the Commission issued to Defendant Employer a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. Since at least August 15, 2018, Defendant Employer has engaged in unlawful employment practices at its business in Northbrook, Illinois, in violation of Section 102 of Title I of the ADA, 42 U.S.C. § 12112(a), (d).

13. The Aggrieved Individual is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). The Aggrieved Individual has an impairment, opioid addiction for which he is in recovery, that substantially limits one or more major life activities, including brain function; a record of that impairment; and Defendant regarded the Aggrieved Individual as having a disability by subjecting him to adverse employment actions, including harassment, unlawful medical inquiries, and constructive discharge, because of an actual or perceived impairment, drug addiction.

14. Defendant subjected the Aggrieved Individual to a hostile work environment based on his disability. That hostile work environment included, but was not limited to, subjecting the Aggrieved Individual to invasive questioning, unlawful stereotyping, and heightened scrutiny based on his disability. For example, Rover's co-owner, a retired

3

psychotherapist, subjected the Aggrieved Individual to extensive, unlawful questioning about his disability, told him that drug addicts are some of the "smartest and slickest people" she's met, called him a "lying drug addict," and told him she never would have hired him had she known of his disability.

15. Defendant subjected the Aggrieved Individual to an unlawful medical examination prohibited by the ADA, when, on August 15, 2018, Rover's co-owner, a retired psychotherapist, subjected the Aggrieved Individual to a lengthy, unlawful examination about his disability.

16. On August 16, 2018, Defendant constructively discharged the Aggrieved Individual. In addition to calling the Aggrieved Individual a "lying drug addict" and telling him that she never would have hired him had she known of his disability, Rover's co-owner urged the Aggrieved Individual repeatedly to quit.

17. The unlawful employment practices complained of in paragraphs 14-16 above were intentional.

18. The unlawful employment practices complained of in paragraphs 14-16 above were done with malice or with reckless indifference to the federally protected rights of the Aggrieved Individual.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from harassment, conducting unlawful medical exams, and constructive discharge in violation of the ADA.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practice.

C. Order Defendant Employer to make whole the Aggrieved Individual, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement, or front pay, of the Aggrieved Individual.

D. Order Defendant Employer to make whole the Aggrieved Individual by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 14-16 above, including but not limited to job search expenses, in amounts to be determined at trial.

E. Order Defendant Employer to make whole the Aggrieved Individual by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 14-16 above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant Employer to pay the Aggrieved Individual punitive damages for its malicious and reckless conduct, as described in paragraphs 14-16 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its complaint.

GWENDOLYN YOUNG REAMS
Acting General Counsel

U.S. Equal Employment Opportunity Commission
131 M. Street, N.E.
Washington, D.C. 20507

GREGORY M. GOCHANOUR
Regional Attorney
Gregory.Gochanour@eeoc.gov

s/ *Ethan M. M. Cohen*
Ethan M. M. Cohen
Supervisory Trial Attorney
Ethan.Cohen@eeoc.gov

*s/ Miles Shultz*
MILES SHULTZ
Trial Attorney
U.S. Equal Employment Opportunity Commission
Chicago District Office
230 S. Dearborn St., Suite 2920
Chicago, Illinois 60604
(645) 287-29718
Miles.Shultz@eeoc.gov
ARDC # 6325423


*s/ Hannah Henkel*
Hannah Henkel
Trial Attorney
U.S. Equal Employment Opportunity Commission
Milwaukee Area Office
310 West Wisconsin Avenue, Suite 500
Milwaukee, WI 53203
(414) 662-3702
Hannah.Henkel@eeoc.gov
ARDC #6324037

6