IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>FAMILY FUTURES GROUP, INC. d/b/a ROVER'S PLACE<br><br>　　　　　　Defendant. | Civil Action No. 1:21-cv-05191<br><br>Judge Robert W. Gettleman<br><br>Magistrate Judge Susan E. Cox |

## CONSENT DECREE

## THE LITIGATION

1. Plaintiff U.S. Equal Employment Opportunity Commission ("Plaintiff" or "EEOC") filed this action alleging that Family Futures d/b/a Rover's Place ("Family Futures" or "Defendant") engaged in unlawful employment practices, in violation of Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) when it subjected the Aggrieved Individual to an unlawful medical examination prohibited by the ADA, when, on August 15, 2018, a family member of the owner of Family Futures, a retired psychotherapist, subjected the Aggrieved Individual to a lengthy, unlawful examination about his record of having a disability and constructively discharged him.

2. Family Futures denies the material allegations of the EEOC's Complaint. This Consent Decree shall not be construed as an admission by either party of any allegations or denials of the opposing party.

3. In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the EEOC and Family Futures have agreed that this action

should be fully and finally resolved by entry of this Consent Decree ("Decree"). This Decree fully and finally resolves any and all issues and claims arising out of the Complaint filed by the EEOC. This Decree shall be binding on Plaintiff.

## FINDINGS

4. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds that:

   a. This Court has jurisdiction over the subject matter of this action and the parties;

   b. The Court has jurisdiction over the Personal Guaranty (attached hereto) and over the Guarantor (as defined in the Guaranty) for the sole purpose of enforcing the Personal Guaranty or resolving any dispute arising thereunder.

   c. The terms of this Decree are adequate, fair, reasonable, equitable, and just;

   d. The rights of the EEOC, Defendant, the Aggrieved Individual, the Guarantor (defined below) and the public interest are adequately protected by this Decree;

   e. This Decree conforms to the Federal Rules of Civil Procedure and the ADA and is not in derogation of the rights or privileges of any person; and

   f. Entry of this Decree will further the objectives of the ADA and will be in the best interests of the EEOC, Defendant, the Aggrieved Individual, and the public interest.

**NOW, THEREFORE,** upon the consent of the parties, **IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

## INJUNCTION AGAINST DISCRIMINATION

5. Family Futures, its officers, agents, employees, successors, assigns, and all persons acting in concert with it are hereby enjoined from engaging in any employment practice prohibited by the ADA, including: (1) subjecting an employee to an unlawful medical examination;

(2) subjecting an employee to harassment based on his or her disability; and engaging in any form of retaliation against any person because such person has opposed any practice prohibited by the ADA, filed a charge of discrimination under the ADA, testified or participated in any manner in any investigation, proceeding, or hearing under the ADA, or asserted any rights under this Decree.

## **MONETARY RELIEF**

6. Subject to the terms and conditions of this Decree, Family Futures shall pay the gross sum of $60,000.00 to the Aggrieved Individual as damages over the course of three calendar years provided that: the District Court enters this Decree; and Family Futures receives the Release, attached as Exhibit A, signed by the Aggrieved Individual. Family Futures agrees to pay a total of $10,000 in compensatory damages and $10,000, less only the employee's share of required payroll withholding, in backpay within sixty days after the entry of this Decree; and Family Futures' receipt of the Release, attached as Exhibit A, signed by the Aggrieved Individual. Provided the conditions set forth in this Paragraph are met, Family Futures further agrees to pay the second payment of $20,000 within thirteen months after the entry of this Decree. Family Futures further agrees to pay the third payment of $20,000 within twenty-three months after the entry of the Decree. The second and third payment represent payment for compensatory damages. Family Futures shall issue an IRS Form 1099 for compensatory damages and a W-2 for backpay to the Aggrieved Individual in connection with the payments and Guarantor will sign a personal guaranty of the payment obligations of Family Futures described herein. All payments to be made under this Decree are guaranteed personally, and jointly and severally, by John Oberman (Guarantor), as provided in the Personal Guaranty attached hereto as Exhibit C and incorporated herein by reference. The Guarantor hereby agrees that the Court has jurisdiction over him for the sole purpose of enforcing the Guaranty or resolving any disputes arising thereunder. Notwithstanding

any provision of this Decree, including but not limited to the payment schedule, it shall not be a violation of this Decree if Family Futures or Guarantor voluntarily accelerates any payment required by this Decree.

7. Family Futures shall issue and mail checks, IRS Form 1099s, and W-2s in connection with each check to the Aggrieved Individual at the address provided by EEOC. Family Futures should make payments in accordance with the schedule in Paragraph 6, above, unless Family Futures or Guarantor voluntarily accelerates such payment. Contemporaneously, Family Futures shall submit a copy of the check to the EEOC.

8. In the event that the Defendant shall, for any reason whatsoever, fail to make any of the payments on the date such payment is scheduled to be made, as described in Paragraph 6 (unless Family Futures or Guarantor voluntarily accelerates such payment), and such non-payment continues for seven (7) days after the EEOC provides the Defendant with written notice of the non-payment, then the obligation of the Defendant to pay all amounts then and thereafter due under this Decree shall be automatically accelerated without further act or deed by any person, and without further notice to or order of the Court, so that the entire aggregate amount then remaining due to the Aggrieved Individual shall be immediately due and payable, subject to the seven (7) day cure provision. If Defendant fails to pay such amount within the cure period, EEOC shall notify John Oberman (Guarantor) of the missed payment, and Guarantor shall have seven (7) days from the date of such notice to pay the full accelerated aggregate sum due and owing.

## **POSTING OF NOTICE**

9. No later than fourteen (14) days after entry of this Decree, Family Futures shall post copies of the Notice attached as Exhibit B to this Decree in a conspicuous location on a bulletin board or other physical space that is regularly used by Family Futures for posting legal

notices at its Rover's Place concerning employee rights. The Notice shall remain posted in this manner for the term of this Decree. Family Futures shall take all reasonable steps to ensure that the posting is not altered, defaced, or covered by any other material.

10. No later than fourteen (14) days after entry of this Decree, Family Futures shall notify the EEOC in writing that the Notice has been properly posted in accordance with Paragraph 9 above.

## RECORD KEEPING AND INSPECTIONS

11. During the term of this Decree, Family Futures shall maintain and, upon request, produce to the EEOC written records of every employee who:

   a. makes a complaint (oral or written, formal or informal) of disability discrimination or harassment to a salaried member of Family Futures management and/or a government agency;

   b. makes a request (oral or written, formal or informal) for an accommodation under the ADA to a salaried member of Family Futures management; or

   c. is known by a salaried member of Family Futures management to have made such a complaint or request (whether oral or written, formal or informal, internal or external).

Such records shall include, but not be limited to, the following: (1) the name of the individual who complained of discrimination or requested an accommodation; (2) the date of the complaint or request for accommodation; (3) the nature of the alleged complaint or the specific accommodation requested; (4) what actions, if any, Defendant took to resolve the complaint or request for accommodation; and (5) the resolution of the complaint or of the request for accommodation.

12. Defendant shall produce all documents or records referred to in Paragraph 11 above available within ten (10) business days after EEOC so requests. For purposes of verifying compliance with this Decree, Defendant shall require personnel within its employ, identified by EEOC, to reasonably cooperate with and be interviewed by EEOC. Family Futures shall permit a representative of the EEOC to Rover's Place without advance notice, during normal business hours, for the purpose of verifying compliance with the notice posting requirement of Paragraph 9.

## **REPORTING**

13. Family Futures shall produce to the EEOC the following written reports semi-annually ("Semi-Annual Report") during the term of this Decree. The first Semi-Annual Report shall be due six (6) months after entry of the Decree. Subsequent Semi-Annual Reports shall be due every six (6) months thereafter, except that the final Semi-Annual Report shall be due thirty (30) calendar days prior to the expiration of the Decree. Each such Semi-Annual Report shall contain:

   a. copies of all records described in Paragraph 11 for the six (6) month period preceding the Semi-Annual Report (or the five (5) month period preceding the final Semi-Annual Report), or a notification by Family Futures that no requests, complaints or reports were received during that period;

   b. a notification by Family Futures that the Notice required to be posted pursuant to Paragraph 9 of the Decree remained posted in the manner required during the entire six (6) month period preceding the Semi-Annual Report (or the five (5) month period preceding the final Semi-Annual Report).

  c. A description of changes made during the reporting period, if any, to Family Future's policies applicable to the ADA.

## TRAINING

14. During the term of the Decree, Defendants shall provide annual training to all Family Futures employees, including managers and supervisors at Rover's Place, regarding the rights of employees under the ADA and the obligations of employers under the ADA, including, without limitation, providing reasonable accommodations. Training for managers and supervisors shall be conducted live, in-person or by live video conference. Training for non-managerial or non-supervisory employees may be conducted by computer-based learning. The first annual training shall be completed within ten (10) months of entry of the Decree. A registry of attendance shall be maintained for each training required under this Paragraph.

15. Family Futures shall obtain the EEOC's approval, of its proposed trainer for the live training session and the content the trainer proposes to present before the commencement of any training session required under Paragraph 14. Family Futures shall submit the name, address, telephone number, resume and training proposal of its proposed trainer (including copies of all materials the trainer proposes to display, distribute, or otherwise present) to the EEOC at least forty-five (45) days prior to the proposed date of each training session. With respect to training conducted through computer-based learning, Family Futures shall submit the content of the training to the EEOC at least thirty (30) days prior to making the computer-based learning module available to employees.

The EEOC shall have ten (10) business days from the date it receives the information described above to accept or reject the proposed trainer and/or the content of any proposed training. In the event the EEOC does not approve Family Futures' proposed trainer and/or content, Family

Futures shall have ten (10) business days to identify an alternate trainer and/or revise the content its trainer proposes to present. The EEOC shall then have five (5) business days from the date it receives the information described above to accept or reject the alternate trainer and/or content. If the parties cannot agree on a trainer or training content through this process, they may seek the Court's assistance under Paragraph 17, below.

16. No later than ten (10) business days after each training described in Paragraph 14 above, is completed, Family Futures shall notify the EEOC in writing that the required training has taken place and the required personnel have attended. Every notification of training described in this Paragraph shall include: (a) the date(s), location (if applicable), and duration of the training; (b) a copy of the registry of attendance, which shall include the name and position of each person trained; (c) a current list by name and position of all the employees subject to the training requirement; and (d) copies of any and all pamphlets, brochures, outlines or other written materials provided or displayed to the personnel attending each training session.

## **DISPUTE RESOLUTION**

17. If during the term of this Decree either party to the decree believes that the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance and shall afford the alleged non-complying party twenty-one (21) days to remedy the non-compliance or satisfy the complaining party that the alleged non-complying party has complied. If within the time allotted, the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied, the complaining party may apply to the Court for relief, including modification of this Decree or other relief that the Court determines to be appropriate.

**TERMS AND SCOPE OF THE DECREE AND RETENTION OF JURISDICTION**

18. All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a term of two (2) years immediately following the entry of the Decree, unless extended by order of this Court, provided, however, that if at the end of the term of the Decree, any disputes under Paragraph 17, above, remain unresolved, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved.

**MISCELLANEOUS PROVISIONS**

19. Each party shall bear its own expenses, attorneys' fees, and costs.

20. Defendant agrees that it will not condition the receipt of monetary relief on agreement of Plaintiff to: (a) maintain as confidential the facts and/or allegations underlying the charge and/or the terms of this Decree; (b) waive any statutory right to file a charge with any governmental agency; (c) refrain from reapplying for a job with Defendant; and/or (d) agree to a non-disparagement and/or confidentiality agreement.

21. The terms of this Decree are and shall be binding on the present and future directors, officers, managers, agents, successors and assigns of Family Futures. Prior to any sale or other transfer of Family Futures' business or sale or other transfer of all or a substantial portion of Family Futures' assets, Family Futures shall provide a copy of this Decree to any potential purchaser, potential transferee, or other potential successor.

22. In the event that Family Futures goes out of business, the non-monetary obligations of this Decree will automatically be terminated. However, in the event that any of the owners of Family Futures obtain an ownership interest in a pet grooming, kennel, or similar business during

the term of this decree, the non-monetary obligations of this Decree will be assumed by that business or businesses.

23. When this Decree requires the submission by Family Futures of reports, certifications, notices, or other materials to the EEOC notices, or other materials to the EEOC, they shall be sent by U.S. Mail to Family Futures Litigation, c/o Miles Shultz and Hannah Henkel, U.S. Equal Employment Opportunity Commission, 230 S. Dearborn, #2920, Chicago, IL 60605. When this Decree requires submission by the EEOC of communications, notices or other materials to Family Futures, they should be sent by U.S. Mail to Family Futures, John Oberman, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ with a copy to Harold Dembo and Camille Khodadad of Much Shelist, 191 N. Wacker Dr., Suite 1800, Chicago, IL 60606 and by email to hdembo@muchlaw.com and ckhodadad@muchlaw.com. By advance agreement of the parties, communications may alternatively be submitted by electronic mail.

SO ORDERED, ADJUDGED, and DECREED on this 12th day of July, 2022

By the Court

_____
The Hon. Robert W. Gettleman
United States District Judge

ENTERED AND APPROVED FOR:

**For the EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
131 M Street, NE
Washington, DC 20507

GWENDOLYN YOUNG REAMS
Acting General Counsel

CHRISTOPHER LAGE
Deputy General Counsel


s/ Gregory Gochanour
Gregory Gochanour
Regional Attorney
Chicago District Office
230 S. Dearborn St., Suite 2920
Chicago, IL 60604
E-Mail: Gregory.Gochanour@eeoc.gov

s/ Ethan Cohen
Ethan Cohen
Supervisory Trial Attorney
Telephone: 312-718-6429
E-Mail: ethan.cohen@eeoc.gov

s/ Miles Shultz
Miles Shultz
Telephone: 313-409-6904
E-mail: miles.shultz@eeoc.gov

s/ Hannah Henkel
Hannah Henkel
Trial Attorney   Telephone: 414-662-3702
E-mail: hannah.henkel@eeoc.gov

**For Defendant Family Futures d/b/a Rover's Place:**

/s/ Camille N. Khodadad
Much Shelist, P.C.
191 N. Wacker Drive, Ste. 1800
Chicago, Illinois 60606
E-Mail: ckhodadad@muchlaw.com

**EXHIBIT A**

In consideration for $60,000 to be paid to me by Family Futures, in connection with the resolution of *EEOC v. Family Futures, d/b/a Rover's Place*, I waive my right to recover for any claims arising under the Americans with Disabilities Act, including but limited not to, claims of improper medical inquiry, hostile working environment and constructive discharge, that I had against Family Futures on or before the date of this release and that were included in the claims alleged in EEOC's complaint in *EEOC v. Family Futures, d/b/a Rover's Place*.

_____         _____

███████████         Date

**EXHIBIT B**

This Notice is posted pursuant to a Consent Decree entered by the federal court in *EEOC v. Family Futures, d/b/a Rover's Place*, Case No. 1:21-cv-05191 (N.D. Ill.) resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against Family Futures.

In its litigation, EEOC alleged that Family Futures violated Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) by subjecting an aggrieved individual to an unlawful medical examination prohibited by the ADA and constructively discharging him.

To resolve the case, Defendant and EEOC have entered into a Consent Decree which provides, among other things, that:

1. Defendant will pay monetary relief to resolve the ADA claims against it;

2. Defendant is enjoined from discriminating against any employee pursuant to the Americans with Disabilities Act;

3. Defendant will not retaliate against any employee who has made allegations of discrimination or participated in any way in a proceeding involving discrimination under the ADA or received any benefit as a result of the litigation or the Decree; and

4. Defendant will provide training on the ADA.

EEOC enforces the federal laws against discrimination in employment on the basis of race, color, religion, national origin, sex, religion, age, disability or genetic information. If you believe you have been discriminated against, you may contact EEOC at (312) 869-8009. EEOC charges no fees and has a TTD number.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE**
**This Notice must remain posted for two years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: EEOC, Rover's Place Litigation,** Chicago District Office, 230 S. Dearborn St., Suite 2920, Chicago, IL 60604

_____  Date                                  Hon. Robert W. Gettleman
                                                           United States District Court
                                                           Dated: _____, 2022

**Exhibit C**

**PERSONAL GUARANTY**

The undersigned, John Oberman ("Guarantor"), in consideration of the settlement of the claims alleged by the U.S. Equal Employment Opportunity Commission ("EEOC") in the matter of *EEOC v. Family Futures Group, Inc., d/b/a Rover's Place*, Case No. 21-cv-5191 ("Lawsuit"), does hereby unconditionally guarantee Family Futures Group's ("Defendant") payment of monetary relief totaling $60,000 as detailed in the Consent Decree entered as part of the Lawsuit. Guarantor acknowledges and agrees it is for the $60,000.

Guarantor acknowledges, represents, and warrants that Defendant's agreement to the Consent Decree with Guarantor's guaranty of payment is in the best interest of Guarantor, and that the EEOC's agreement to the Consent Decree with the guaranty of payment by Guarantor constitutes good and sufficient consideration for such Guaranty by Guarantor.

It is recognized and agreed that this Guaranty is a substantial part of the consideration for the signing of the Consent Decree by the EEOC and that the EEOC would not agree to any deferred payment under the Consent Decree without the execution of this Guaranty by Guarantor.

In the event that the Defendant, for any reason whatsoever, including bankruptcy, reorganization, or dissolution, does not pay or cause to be paid any of the payments described in Paragraph 6 of the Consent Decree, or any part thereof, on the date said payment is scheduled to be made (unless Family Futures or Guarantor voluntarily accelerates such payment), and such non-payment continues for seven (7) days after the EEOC provides a written notice of the non-payment to Defendant, Guarantor agrees to pay all amounts then due and owing under Paragraph 6 of the Consent Decree (including accelerated payments), without further act or deed by any person, and without further notice to or order of the Court. Any bankruptcy, reorganization or dissolution of Defendant or any successor or assign shall have no effect on the obligation of Guarantor to make all payments due and owing under this Guaranty.

Guarantor also agrees that the EEOC is not required to first enforce against any other person or entity, any liability, obligation or duty guaranteed by this Guaranty before seeking enforcement thereof against Guarantor; Guarantor acknowledges that this is a guarantee of payment and not a guaranty of collection.

Guarantor acknowledges and agrees that an action may be brought and maintained against Guarantor by the EEOC to enforce any liability, obligation or duty guaranteed by this Guaranty without the necessity of joining Defendant or any other person or entity, in such action. Guarantor agrees to pay all costs and fees reasonably and necessarily incurred by the EEOC in enforcing the Guaranty.

All notice to John Oberman hereunder shall be sent in accordance with Paragraphs 8 and 23 of the Consent Decree.

Guarantor hereby agrees to the jurisdiction of the United States District Court for the Northern District of Illinois under the Consent Decree for the limited purpose of enforcing this Guaranty, or resolving any dispute arising hereunder.

I have read and understood this Guaranty, and have had the opportunity to seek advice from counsel prior to signing.

**EXECUTED** to be effective as of this _____ day of _____, 2022.

**GUARANTOR:**

Name (printed):   John Oberman

Signature: 

Address: 4_____1

Phone: _____